

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50231 | **DATE** | 12/20/2002 |
| **CASE TITLE** | Sutherland vs. Bubrick, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 23 2002 date docketed | 76 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12-20-02 date mailed notice | |
| /LC | courtroom deputy's initials | | 02 DEC 23 AM 8:37 FILED-WD Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, James Sutherland, originally filed his two-count complaint in an Illinois state court against various defendants, all of whom, except for the following, Sutherland since has voluntarily dismissed: Officer Theresa Bubrick, sued in her individual and official capacity as a police officer for the Village of Roscoe ("Village"), and the Village itself. Because Sutherland's complaint alleges violations of his federal constitutional rights under 42 U.S.C. § 1983, defendants removed the case to this court on the basis of federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441. Venue is proper as the events giving rise to Sutherland's claims took place in this district and division. See id. § 1391. Before the court is Bubrick and the Village's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

At the outset, the court takes up a few procedural matters. First, Sutherland's counsel has filed a brief in response to the summary judgment motion exceeding fifteen pages (nineteen pages) without filing a motion for leave to file an oversize brief or including a table of contents or table of cases, all in violation of Local Rule ("LR") 7.1. A more serious matter is the failure of Sutherland's counsel to abide by LR 56.1. Specifically, Sutherland has recited a whole litany of facts (six and a half pages' worth to be precise) in his response brief, almost all of which are not mentioned anywhere else and should have been included in a statement of additional facts under LR 56.1(b) (something Sutherland did not file). This by itself is reason enough for the court to simply disregard the "statement of facts" section in Sutherland's brief, as well as his corresponding exhibits. See Bennett v. Roberts, 295 F.3d 687, 695 n.7 (7th Cir. 2002). Were the court to do so, Sutherland has virtually no chance of surviving summary judgment. Nevertheless, the court has considered Sutherland's additional evidence (which essentially consists of Bubrick's deposition and affidavits from Sutherland and his ex-wife) but still finds defendants are entitled to summary judgment. (In the future, any submissions by plaintiff's counsel not complying with LR 7.1 or 56.1 are subject to being stricken *sua sponte*.)

The main issue in this case, though there are really no material facts in dispute, is whether Bubrick had probable cause to arrest Sutherland on May 4, 2002 for violating a protective order entered against him by his ex-wife, Judith Sutherland. Bubrick first encountered Sutherland when she pulled him over for speeding that day. After performing a routine background check, she learned he was the subject of an active order of protection, which listed Judith and the former couple's two sons, Charles and Jonathan, as "protected persons." Charles, Bubrick knew, was riding with his father in the car she had just pulled over. When Bubrick confronted Sutherland with this information, Sutherland explained that he and Judith in fact shared custody of their children, that although the original *ex parte* protective order Judith obtained had listed herself and the two children as protected persons, it was only in effect for a few weeks and a subsequent, plenary order – the one that was supposed to be in effect on May 4, 2002 – had removed Charles and Jonathan as protected persons, and that Sutherland had the paperwork at home to confirm all of this. Bubrick then went back to her squad car and contacted the Winnebago County 911 dispatcher to doublecheck that Charles was a protected person. The dispatcher confirmed that he was.

In the meantime, Sutherland called Judith with his cell phone and had her talk with Bubrick directly. As Bubrick testified in her deposition, Judith essentially backed up everything Sutherland had said – that the order of protection was only against Judith, that the children were not supposed to be listed on it anymore, that she was certainly aware Charles was with Sutherland, and that she too could bring the paperwork to the police station. Judith was even "upset" that Bubrick was taking Charles away from his father. Nevertheless, Bubrick decided to arrest Sutherland for violating the protective order based on the information she had received from dispatch. As it turned out, Sutherland was right all along; the computer database (known by the acronym "LEADS") Bubrick and the dispatcher used when looking up the protective order was not properly updated, due to a clerical error, to reflect that the children had in fact been removed as protected persons.

As Bubrick raises the defense of qualified immunity, the court must decide if she "actually had probable cause or, if there was no probable cause, whether a reasonable officer could have mistakenly believed that probable cause existed." Williams v. Jaglowski, 269 F.3d 778, 781 (7th Cir. 2001), cert. denied, 122 S. Ct. 1608 (2002). If Bubrick had "arguable probable cause" to arrest Sutherland, then she is entitled to qualified immunity, even if the court determines she did not have actual probable cause. Id. In this case, the court finds that, although Bubrick almost certainly exercised poor judgment, a reasonable officer in her position still could have mistakenly believed that probable cause existed.

In the face of Sutherland's protestations to Bubrick that Charles had been removed from the protective order, and especially (as she was, under the circumstances, a far more credible witness than Sutherland) Judith's unequivocal corroboration of that fact, it is doubtful whether the information Bubrick received from the LEADS computer regarding Charles' status as a protected person was, strictly speaking, enough to support probable cause for Sutherland's arrest. Nevertheless, the court believes a reasonable officer faced with the same scenario still would be entitled to rely on the LEADS report rather than credit the claims of innocence by the arrestee or his ex-wife, at least not without further documentation. In an analogous context, the Fifth Circuit in Duckett v. City of Cedar Park, 950 F.2d 272 (5th Cir. 1992), held that an officer who arrested the plaintiff based on a warrant discovered during a computer background check was entitled to qualified immunity for detaining the plaintiff up until the time the officer received a teletyped confirmation from the issuing county that the warrant had been withdrawn – *despite*, like the case at hand, the protestations of both the plaintiff and his mother that that was the case. See id. at 280. Other courts have held likewise. See, e.g., Mitchell v. Aluisi, 872 F.2d 577, 579 (4th Cir. 1989); Soto v. Bzdel, 214 F. Supp. 2d 69, 76 & n.6 (D. Mass. 2002) (collecting other cases and granting qualified immunity to officer who arrested plaintiff on a warrant the officer's computer indicated was still outstanding, despite fact that plaintiff showed officer his own copy of a warrant recall order as he was being arrested); Lauer v. Dahlberg, 717 F. Supp. 612, 614 (N.D. Ill. 1989) (same). But cf. Ruehman v. Sheahan, 34 F.3d 525, 527 (7th Cir. 1994) (raising but not deciding issue of whether officer was entitled to qualified immunity for arresting plaintiff based on warrant that officer's computer indicated was outstanding when plaintiff showed officer uncertified copy of quash-and-recall order; commenting that in such a situation, "[p]erhaps there is an open legal question whether officers may rely on a warrant-tracking system") (citing Duckett).

In the court's opinion, this is even a stronger case for granting qualified immunity than some of the cases just cited, as Sutherland did not have the paperwork on him to show Bubrick, so all she had to go on was his and Judith's word. (Of course, the court expresses no opinion on a scenario in which Sutherland *did* have his paperwork with him and limits its decision in this case strictly to the facts before it.) Finally, that Bubrick could have reasonably relied on the LEADS report is made even clearer by realizing that Sutherland does not at all allege, let alone provide evidence, that LEADS is historically unreliable due to clerical errors, delays in entering data, or anything else of the sort, such as to put Bubrick on notice that it could not be trusted to provide accurate information. Cf. Ruehman, 34 F.3d at 527; Harris v. City of Marion, 79 F.3d 56 (7th Cir. 1996). Therefore, the court finds that a reasonable police officer in the same circumstances and with the same knowledge Bubrick had *could* have reasonably believed that probable cause existed in light of the case law cited above. See Williams, 269 F.3d at 781.

As for Sutherland's claim against the Village (and, what amounts to the same thing, his claim against Bubrick in her official capacity), the fact that Bubrick is not individually liable on the underlying substantive claim means the Village is likewise not liable under Monell v. Department of Social Services, 436 U.S. 658 (1978). See Treece v. Hochstetler, 213 F.3d 360, 364 (7th Cir.), cert. denied, 531 U.S. 957 (2000). Moreover, Sutherland's cursory argument that Bubrick possessed final policy-making authority for the Village is patently without merit or factual foundation. Finally, although Sutherland alleges an additional claim in his complaint based on the conditions of his confinement while he was detained in the Winnebago County Jail, he has clearly abandoned this claim as he does not mention it at all in his response brief and has voluntarily dismissed the only defendants who might be responsible for those conditions.

For the reasons stated above, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

# United States District Court
## Northern District of Illinois
### Western Division

James Sutherland            **JUDGMENT IN A CIVIL CASE**

v.                        Case Number: 02 C 50231

Ofc. Bubrick, et al.

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 12/20/2002

Susan M. Wessman, Deputy Clerk